## Begley, Appellant, *v.* Begley.

*Divorce—Desertion—Separation by consent—Refusal of decree.*
A libel in divorce on the ground of desertion is properly dismissed where the evidence established that the respondent had left libellant at his direct request, and that she was willing to return to him if he treated her kindly.

Submitted March 11, 1924. Appeal, No. 295, Oct. T., 1923, by libellant, from decree of C. P. Schuylkill Co., Nov. T., 1922, No. 35, dismissing libel in divorce in the case of Anthony Begley v. Annie Begley. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before BECHTEL, P. J.

The case was referred to E. J. O'Donnell, Esq., as master, who recommended that the libel be dismissed.

On exceptions to the master's report the court dismissed the exceptions and dismissed the libel. Libellant appealed.

*Error assigned* was the order of the court.

*B. J. Duffy,* for appellant.

*M. M. Burke,* and with him *P. H. Burke,* for appellee.

PER CURIAM, May 5, 1924:

This appeal by a husband from the dismissal of his libel in divorce for alleged desertion, was submitted to us without oral argument. The parties, a widower with children, and a widow with children, were married in June, 1920; disputes and differences resulted almost immediately; he called her a cripple and a beggar, and told her to take her children and "get out." In August, 1920, she took him at his word. While she was away, he asked her to return to him. She said to him, "how can I go to live with you, when you don't want me"; whereupon he said to the other men, [whom he had taken along as witnesses, because "he was afraid to get hit with a broomstick"] "come on, let her go to hell." She also testified: "I am willing to go to live with him......if he stops calling me names and ordering me out......The day I left, he went to beat me, but his oldest girl interfered and pushed him away." We note that libellant's oldest daughter so referred to, was not called to testify in contradiction of that assault. There is no evidence of desertion. The master concluded the libel should be dismissed; the court below considered exceptions to his report and concluded with the master; we have read the record and the briefs, and agree with the conclusion reached below.

Libel dismissed at the cost of appellant.